## COMMONWEALTH *vs.* EDWARD McCARTY.

Norfolk. Nov. 23, 1885. — April 1, 1886. DEVENS & GARDNER, JJ., absent.

At the trial in the Superior Court, on appeal, of a complaint alleging that the defendant, not being duly licensed, unlawfully kept and suffered to be kept, in a certain building owned by him, a billiard table, for hire, gain, and reward, the evidence tended to show that the defendant owned the building and a billiard table therein, kept for hire, gain, or reward, and that the room in which the table was kept and the table itself were let by the defendant to a tenant at a monthly rental. *Held*, that the defendant could be tried for suffering the table to be kept for the purpose alleged; that an objection, taken for the first time in the Superior Court, that the complaint did not allege that the keeper of the table was not duly licensed, was taken too late; and that the burden was on the defendant to prove that the keeper of the table was duly licensed.

COMPLAINT, on the Pub. Sts. *c.* 102, § 112, to the District Court of East Norfolk, alleging that the defendant, at Holbrook,

on October 15, 1884, and on divers other days and times between that day and March 12, 1885, " not being then and there first duly licensed according to law, for hire, gain, and reward did unlawfully keep and suffer to be kept in a certain building there situate, and by him . . . . then and there actually owned, a certain billiard table, for the purpose of playing at a certain game called billiards."

Trial in the Superior Court, on appeal, before *Knowlton,* J., who allowed a bill of exceptions, in substance as follows:

The government offered evidence tending to show that the defendant actually owned a certain building in Holbrook, referred to in the complaint, and also three billiard tables kept in a room therein during some portion of the time alleged; that said tables were kept for the purpose of playing billiards for hire, gain, or reward, and said room was resorted to by various persons for the purpose of playing said game, and that the defendant was a number of times in the room as a spectator when persons were playing billiards for hire, gain, or reward.

The government also produced a witness who testified that the room and tables were let by the defendant to a tenant at a monthly rental paid in money; that the tenant carried on the business in the room, but that it was agreed between him and the defendant that the defendant could at any time during the tenancy take possession of the tables if he desired, and that the defendant had no connection therewith, and no interest therein, except as above stated; also that the room and tables were hired for the purpose of a club-room; but it did not appear that the persons playing upon the tables and paying for the privilege were members of any club. The foregoing is a statement of all the evidence.

The district attorney stated that, upon the evidence, he should not contend that the defendant kept the tables, etc., but that he suffered them to be kept for the purpose alleged; and for the latter offence the defendant was tried.

The evidence being closed, the defendant asked the judge to direct a verdict for the defendant for the following reasons: " 1. That the complaint did not sufficiently set forth the offence of suffering the tables to be kept, &c.; that it did not allege that the keeper of the tables was not duly licensed. 2. That

the government had failed to offer sufficient evidence to con-
vict, there being no evidence that the keeper and tenant was
not duly licensed, and no evidence that the defendant knew that
the keeper was not licensed, &c. 3. That the burden was upon
the government to show that the keeper was not duly licensed,
and that the defendant knew it. 4. That the defendant as owner
of the tables, and as owner of the building, was not required by
the statute to obtain a license."

The judge refused to rule as requested; and instructed the
jury that they could not convict the defendant unless they were
satisfied, beyond a reasonable doubt, that, at the time named in
the complaint, he owned the building referred to therein, and
that the billiard tables were in a room in it, and were subject to
his control, and that, without license, he suffered them to be
kept there for the purpose of playing at billiards, for hire, gain,
or reward.

The jury returned a verdict of guilty; and the defendant
alleged exceptions to the refusal to give the instructions asked,
and to the instructions given, so far as they were inconsistent
with his requests.

*J. L. Eldridge*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

HOLMES, J. ˙The burden was on the defendant to prove a
license to the actual keeper, if he justified under it. Pub. Sts.
c. 214, § 12. *Commonwealth* v. *Belou*, 115 Mass. 139. Hence
he cannot have been prejudiced in any way by the failure of
the complaint to deny it; and, although it should be conceded
that the technical rules of pleading are not affected by the
statute as to the burden of proof, that the absence of a license
to the actual keeper entered into the description of the offence,
and that the first request for a ruling was in effect a motion to
quash, still under the circumstances we think the defect in the
complaint must be regarded as formal, and that the motion came
too late.

We do not decide whether the defendant was required by the
statute to obtain a license, because, until the defendant had
introduced some evidence that the actual keeper had a license,
the question did not require to be dealt with.

*Exceptions overruled.*