COMMONWEALTH *vs.* ULDERIC L. ST. PIERRE.

Bristol.    October 23, 1899. — December 13, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Unregistered Physician — Evidence on Cross-examination — Res Gestæ — Burden of Proof — Proof sufficient to support Complaint — Instructions.*

At the trial of a complaint for holding one's self out as a physician and surgeon without being registered according to law, the government having put in testi-

---

mony to the effect that the defendant had given directions and advice as to the use of the contents of certain packages and bottles sold by him, and had been paid by the persons to whom the contents were sold, testimony offered by him on cross-examination that on each and every occasion at the time the parties were told by him that he was not a doctor and that he did not charge for his services, should have been admitted.

At the trial of a complaint for holding one's self out as a physician and surgeon without being registered according to law, the burden is on the defendant to show that he is a registered physician, if he relies on such a justification ; and this applies where the absence of a license is made part of a description of the offence.

If a complaint charges the defendant with holding himself out as a physician and surgeon without being registered according to law, proof that he acted either as a physician or surgeon is sufficient to support the complaint.

At the trial of a complaint for holding one's self out as a physician and surgeon without being registered according to law, a ruling that if the defendant held himself out as an eye specialist he held himself out as "one who devoted himself to a branch of the healing art, which is the profession of the physician and surgeon," and that "if the defendant held himself out as an eye specialist he held himself out as a physician and surgeon within the meaning of the statute," is correct.

COMPLAINT, under St. 1894, c. 458, § 10, entitled "An Act to provide for the registration of physicians and surgeons," as amended by St. 1895, c. 412, to the Second District Court of Bristol, alleging that the defendant, on January 1, 1898, "and on divers other days and times between that day and the day of making this complaint," at Fall River, "did hold himself out to the public as a physician and surgeon, without being then and on the said other days and times duly registered as a physician by the Board of Registration in Medicine . . . according to law."

At the trial in the Superior Court, before *Hopkins,* J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*J. Bennett,* for the defendant.

*L. LeB. Holmes,* for the Commonwealth.

LORING, J. 1. The exception to the exclusion of the testimony offered by the defendant on cross-examination must be sustained. The government had introduced in evidence testimony of a number of persons to the effect that they had visited the defendant at various times; that he gave to them medicines, and advised them how to use them; that at these times they had conversations with him about the nature of their complaints; that he afterwards visited some of them at their houses

and treated them there, and that they paid him money ; and the bottles and packages, which the witnesses testified were given to them, had been put in evidence.

The defendant offered to prove that " on each and every occasion at the time the parties were told by the defendant that he was not a doctor, and that he did not charge anything for his services." This evidence was excluded.

If the defendant sold the medicines, receiving payment therefor, and gave advice gratuitously as to the use to be made of them, he was not, so far as those instances were concerned, holding himself out as a physician ; his declarations accompanying the acts, and showing the character of them, were admissible as part of the *res gestæ.* Of course it was open to the government to contend that in these instances he was really acting as a physician, and was paid as such for his services, and that these statements were efforts to evade the statutory provisions here in question.

But when the Commonwealth put in testimony to the effect that he had given directions and advice as to the use of the contents of the packages and bottles sold by him, and had been paid by the persons to whom the contents were sold, it was the right of the defendant to prove that in each instance he was paid, not for the advice, but only for the drugs, and that he declared that he was not a physician ; and in that way to raise the question whether, so far as these instances were concerned, he was selling the drugs and giving information gratuitously as to their use, and therefore not thereby holding himself out as a physician, or whether he was really acting as a physician taking payment therefor, and was seeking by such declarations to evade the effect of his actions. This question was a question for the jury, under all the circumstances, and the testimony offered should have been admitted.

As the questions involved in the other exceptions may arise in a new trial, they may be briefly disposed of here.

2. The burden was on the defendant to show that he was a registered physician, if he relied on such a justification. Pub. Sts. c. 214, § 12. This applies in cases where the absence of a license is made part of a description of the offence. *Commonwealth* v. *Kelly*, 10 Cush. 69. *Commonwealth* v. *Tuttle*, 12 Cush.

502.  *Commonwealth* v. *Barnes*, 138 Mass. 511.  *Commonwealth*
v. *McCarty*, 141 Mass. 420.

3. Proof that the defendant acted either as a physician or
surgeon was sufficient to support the complaint which charged
him with holding himself out as a physician and surgeon.   There
is but one offence, and that may be committed by the defend-
ant's holding himself out as a physician or a surgeon; if the
complaint charges that the offence is committed by the defend-
ant's holding himself out both as a physician and surgeon, the
whole offence is proved if he is shown to have held himself out
as either.   *Commonwealth* v. *Dolan*, 121 Mass. 374.

4. The ruling that if the defendant held himself out as an
eye specialist he held himself out as " one who devoted himself
to a branch of the healing art, which is the profession of the
physician and surgeon," and that " if the defendant held himself
out as an eye specialist he held himself out as a physician and
surgeon, within the meaning of the statute," was correct.

*New trial ordered.*