Till, Plaintiff in error, vs. The State, Defendant in error.

*April 10—September 25, 1920.*

*Physicians and surgeons: Practicing without license: Receiving payment by subterfuge: Prescription of family remedies: Criminal law: Intent: Evidence: Prior treatments of same person: Denial of continuance: Discretion of court.*

1. Where on the trial of defendant for practicing medicine without a license there was evidence that he had treated a child on former occasions, the jury were not bound by the declaration in a card signed by the child's mother and by defendant's testimony that the treatment was gratuitous and that the charge made was only for medicine furnished, but could find that the card and the sale of the medicine was a mere subterfuge to avoid the prohibition of sec. 1435*h*, Stats.

2. Sec. 1435*j*, Stats., excepting from the requirement of a license to practice medicine the gratuitous prescribing and administering of family remedies, does not permit engaging in the prescription of family remedies as a business.

3. Where the affidavit supporting a motion for the continuance of the trial of the accused alleged that a material witness was with the American Expeditionary Forces in France, that he would testify to certain facts which it developed upon the trial were immaterial to the issue, and would also testify that defendant was not practicing medicine—which would be incompetent,—without showing any ground for a belief that the witness could be present at the next term of court, it was not an abuse of the court's discretion to deny the continuance.

4. Evidence of treatments of a child prior to the treatment alleged
   in the information is admissible to show intent, and par-
   ticularly to negative the provision of sec. 1435*j*, Stats., ex-
   cepting treatment rendered in an emergency.

Error to review a judgment of the circuit court for Bar-
ron county: W. R. Foley, Circuit Judge.   *Affirmed.*

The information charges that the defendant did on June
20, 1917, unlawfully practice medicine and attempt, under-
take, and hold himself out as being authorized to practice
medicine, and did then and there prescribe directions for
medical treatment for the cure and relief of bodily diseases,
without first having obtained a license, etc.   The jury found
the defendant guilty, and from judgment upon the verdict
the defendant appeals.

*Elmore T. Elver* of Madison and *George B. Skogmo* of
River Falls, for the plaintiff in error.

For the defendant in error there was a brief by the *Attor-
ney General, J. F. Baker,* assistant attorney general, and
*J. L. Dahl,* district attorney of Barron county, attorneys,
and *A. C. Umbreit* of Milwaukee, of counsel; and the cause
was argued orally by *Mr. Umbreit* and *Mr. Baker.*

The following opinion was filed May 4, 1920:

Rosenberry, J.   The evidence offered on behalf of the
state tended to show that on the 20th day of June, 1917,
Mrs. Thomas Thompson went to the home of *John Till,* tak-
ing with her her little girl, who was ill; that the visit on
June 20th was the third visit which had been made to *John
Till* for the same purpose, one visit having been made in
November, 1916, and one in February, 1917; that at the
time of the visit she entered the home of *Till* and was con-
ducted to the women's waiting room, where she was met by
a helper of the defendant, who presented her a card as fol-
lows:

"Taking upon myself all risk involved and absolving
*John Till* from any and all claims for damages arising out

of anything that he may do or omit to do in reference to and connection with in caring for or nursing for myself or my ailments, I request *John* to examine into my physical condition, and as a matter of humanity and benevolence (*although he does not claim to be a member of any profession*) to attempt in his own way and by such means and agencies as he may deem best, the nursing and caring for, and if possible the cure of, my ailments. I appreciate the fact that nursing and relief or curative treatment and nursing sometime occasion pain. I make this application for help of my own free will. No enticement has been used as far as I am concerned. I am acting in good faith;"

that she signed the card and gave it with twenty-five cents to the helper; that after this preliminary she was admitted with her sick child to *Till's* office, where he examined the child, gave her medicine with directions for its use, one dollar being paid for the medicine, after which she left the premises. The witness was permitted to testify to similar occurrences on the occasion of her visit in November, 1916, and in February, 1917. On the occasion of each visit numerous persons were in waiting, some in the men's waiting room and some in the women's waiting room. These persons received medicines or had plasters placed upon their backs.

It is claimed by the state that this evidence warranted the conviction of the defendant for practicing medicine without a license in violation of sec. 1435*h*, Stats., the material part of which is as follows:

". . . Any person beginning the practice of, or attempting, undertaking or holding himself out as being authorized to practice medicine, surgery, or osteopathy without having a license so to practice, or any other form or system of treating the afflicted without having a certificate of registration authorizing such practice . . . shall be guilty of a misdemeanor. . . ."

Sec. 1435*j* provides:

"The provisions of sections 1435*a* to 1435*i*, inclusive, shall not apply to commissioned surgeons of the army and

navy, or of the public health service of the United States, or to medical or osteopathic physicians of other states or countries in actual consultation with resident licensed practitioners of this state or to the gratuitous prescribing and administering of family remedies or treatment rendered in an emergency."

It is contended on behalf of the defendant that inasmuch as he did not hold himself out as a doctor, and rendered his services gratuitously, he was not practicing medicine, and so not required to have a license. It appeared from the testimony that on the 20th day of June the defendant put his hand beside the child's ear, said that she had infantile paralysis caused by the stomach, and that he would give her some medicine, directing that the medicine be given to her one-half teaspoonful three times a day; and that she should be rubbed with liniment every evening, and should return in a month. This performance was repeated substantially on the occasion of each visit. It is claimed that the twenty-five cents paid the helper at the time the card was signed and the dollar paid after the advice was given was for medicine and not for the advice. We think the jury was not bound by the declaration contained in the card that the services which *Till* did were rendered as a matter of humanity and benevolence, and that the jury might properly find, as it must have done, that the card and the sale of the medicine was a mere subterfuge and an attempt to avoid the prohibition of the statute. The case of *Comm. v. St. Pierre,* 175 Mass. 48, 55 N. E. 482, is cited. We think that case not applicable to the facts in this case. The judgment in that case was reversed because evidence offered on behalf of the defendant that he did not hold himself out to be a doctor and did not charge anything for his services was excluded. Evidence offered on behalf of the defendant in this case was received, and the question was for the jury upon the whole case.

We are further of the opinion that the claim of the de-

fendant that he was within the provisions of sec. 1435*j* relating to the gratuitous prescribing and administering of family remedies, cannot be sustained. While it does not appear what the exact nature of the medicine furnished the patient was, the statute is certainly not intended to permit of the prescription of family remedies as a business, and the treatment was certainly not rendered in an emergency.

The action was called for trial at the May, 1919, term, at which time the defendant made a motion for a continuance, which was denied. The denial of this motion, it is contended, constitutes error. The affidavit upon which the motion was based includes an affidavit of merits, alleges that the defendant has used due diligence to prepare for trial; that he has attempted to procure the attendance of Albert Kuhn and Hon. Clarence C. Coe at the trial; that the said Kuhn is a member of the American Expeditionary Forces in France; that the said Coe is a member of the Wisconsin legislature; that on account of Kuhn's absence it is impossible to produce him at the trial; that the said Coe refuses to attend the trial on account of his duties as a member of the Wisconsin legislature; that Kuhn and Coe are necessary and material witnesses. without whom he cannot safely proceed to trial; that he has fully and completely stated to the counsel the facts he expects to prove by the said witnesses, and he is advised that he cannot safely proceed to trial without them; and that said witnesses are not absent by the connivance or procurement of the defendant. The defendant further alleges that he expects to prove by Albert Kuhn that Thomas Thompson paid no money to the defendant for a certain card, as testified to by said Thompson, upon which testimony the warrant in this case was issued; that if said card transaction occurred it was alone between said Thompson and said Kuhn, at a time when said defendant was not present; that he expects to prove by said Albert Kuhn that no money was ever paid to the defendant for giving treat-

ment or for the practicing of medicine upon said Thomas Thompson; and that he expects further to prove by the said Kuhn that no medicine was ever given to the said Thomas Thompson, and that no medicine was sent to said Thomas Thompson, and that defendant was not engaged in the practice of medicine on the 20th day of June, 1917. It is further alleged that said Kuhn is familiar with all the facts surrounding the case; and that said Coe assisted in the preparation of the case for trial; and that he cannot specifically state what he expects to prove by said Coe, but that his testimony will be important by way of impeachment.

The witness Kuhn was a member of the American Expeditionary Forces, then in France. The case was tried in May, 1919. The next term of the Barron county circuit court was at the November, 1919, term. No·facts are given or information suggested tending in any way to support the bare allegation contained in the affidavit that if a continuance were granted the attendance of Kuhn at the next term of court could be procured. It does not appear that the defendant had any knowledge of his whereabouts, excepting that he was overseas, or was in communication with him, or that if he was discharged he would return to Barron county. It furthermore developed upon the trial that the facts as to which Kuhn could testify were not material to the issues as presented. No evidence was offered that Thomas Thompson had paid any money to the defendant or to any one for the defendant, or that any medicine was sent to Thompson or to his wife, and certainly Kuhn could not testify that the defendant was not engaged in the practice of medicine, which was the very question at issue in the case. The application was addressed to the sound discretion of the trial court, and we are of the opinion that the denial of the application for a continuance was not an abuse of that discretion. *Miller v. State,* 139 Wis. 57, 119 N. W. 850.

Evidence was admitted as to transactions had between

Mrs. Thompson and the defendant in November, 1916, and in February, 1917. It is alleged that the admission of this evidence was error within the rule laid down in *Fossdahl v. State,* 89 Wis. 482, 62 N. W. 185, and *Topolewski v. State,* 130 Wis. 244, 109 N. W. 1037. It is no doubt a settled rule of law that the commission of one offense cannot be established by proof of the commission of other offenses. Evidence as to the occurrences on the two prior occasions was not offered and received in this case for that purpose. The trial court said:

"To show the character of the act on June 20th which has been testified to, and as throwing some light on the question of whether or not the defendant was engaged in the practice of medicine, the testimony as to the transactions with the witness Mrs. Thompson on previous dates in connection with the visits of herself and little girl to the defendant, was admitted, not to prove that the defendant had committed some offense on other dates than June 20th, but to throw light on what the transaction on June 20th meant, and I think this evidence may be material for the same reason."

And in his instructions to the jury the court said:

"This evidence was admitted for the purpose of throwing some light on the character of the transaction and of the visit to the defendant on June 20, 1917, and not as proof of any violation of law by the defendant prior to June 20th."

So limited, this testimony was properly admitted. It certainly tends to characterize the services rendered by the defendant on June 20th. This is particularly true when considered in connection with the provision of the statute which permits the administering of remedies in cases of emergency. While it was not necessary, it was proper, for the state to negative any possible inference of that kind. It is properly admitted in this case for the purpose of negativing an innocent intent on the part of the defendant. 1 Wigmore, Evidence, § 302.

Upon the whole record we are convinced that the defendant had a fair trial and was properly convicted.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on September 25, 1920.