STATE, Respondent, vs. HOWARD W. RUSSELL, INC., Appellant.

*May 4—June 5, 1923.*

*Licenses: Employment agencies: Furnishing strike breakers: Compensation: Action for penalty: Pleading: Definiteness of complaint: Demurrer: Validity of statute regulating agencies.*

1. In a civil action by the state under sec. 2394—66, Stats., to recover penalties as fixed by secs. 2394—70 and 2394—95 for engaging in the business of an employment agent for profit within sec. 2394—82 without having obtained a license from the industrial commission as required by sec. 2394—86, defendant by demurring to the complaint admitted that he had no license.

2. An allegation in the complaint declaring that some portion of the compensation paid for furnishing strike guards and for services of defendant's vice-president is in law attributable to compensation for furnishing strike breakers, is not a mere conclusion of law when taken in connection with the averment accompanying it that it constitutes a direct or indirect compensation for the furnishing of strike breakers, and with another allegation that there was further compensation in the fact that this automatically increased the number of strike guards to be furnished and paid for.

3. Details as to the manner in which persons whose services were furnished were paid, or as to the exact manner by which furnishing additional strike guards furnished compensation for providing strike breakers, might be called for by a motion to make the complaint more definite and certain; but failure to set them forth in the complaint is not ground for demurrer.

4. If the defendant was engaged in the business of an employment agent within the statute (secs. 2394—82 and 2394—86) and so engaged for profit, or received any fee, charge, commission, or other compensation for such services as such employment agent without having first obtained the license required, there was a violation of the law; and the evidentiary facts constituting the cause of action are not required to be fully pleaded.

5. The state could not be bound by a colorable arrangement for gratuitous service if the evidence showed that it was in fact for profit.

6. Statutes imposing penalties are subject to the rule of strict construction; but in actions for penalties, as in other civil actions, pleadings are to be construed liberally to meet the ends of justice between the parties.

State v. Howard W. Russell, Inc. 181 Wis. 76.

7. Sec. 2394—70, Stats., is not ambiguous and does not attempt to prohibit employment agencies, but provides only for their regulation.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Lamfrom & Tighe,* attorneys, and *Leon B. Lamfrom,* of counsel, all of Milwaukee, and for the respondent on that of the *Attorney General* and *William R. Curkeet,* deputy attorney general.

JONES, J. The complaint alleged:

"1. Defendant is a corporation organized and existing under the laws of the state of Wisconsin and having its principal place of business in the city of Milwaukee, Milwaukee county, Wisconsin.

"2. Between the 1st day of August, 1920, and the 1st day of November, 1920, defendant was engaged in the business of furnishing to persons seeking employment information enabling or tending to enable such persons to secure the same, and was likewise engaged in the business of furnishing to employers seeking laborers or other help information enabling or tending to enable such employers to secure such help, and by reason of engaging in such business defendant was during all of said period an employment agent within the meaning of sec. 2394—82, Stats.

"3. On or about the 16th day of August, 1920, defendant performed services as such employment agent by furnishing to one Gustave Affeldt information enabling or tending to enable him to secure employment, and by furnishing to the Wausau Open Shop Association of Wausau, Wisconsin, an employer of labor, information enabling or tending to enable said association to secure the services of said Gustave Affeldt as an employee; all of which information was furnished pursuant to the contract or contracts referred to in paragraph 4 hereof for the purpose of securing the services of said Gustave Affeldt as a so-called strike breaker, as is more fully explained in said paragraph 4.

"4. For the furnishing of such services defendant received compensation in the following manner, to wit: during

the period referred to in paragraph 2 hereof defendant was under contract with the Wausau Open Shop Association to furnish said association with strike guards, strike breakers, and the supervisory services of defendant's vice-president, in attending to the proper delivery of the said strike breakers, their care and protection while at work, and the proper placing of guards to protect both the workmen and the premises of employment during a certain strike then in progress at Wausau. By the terms of said contract or contracts defendant was to receive, and as plaintiff is informed and believes did receive, from the Wausau Open Shop Association a certain sum of money (the amount being unknown to plaintiff) as compensation for each strike guard furnished, and a certain amount of money per day (the exact amount being unknown to plaintiff) as compensation for the services of its vice-president. None of the sums so paid were specifically designated in the said contract or contracts as compensation for furnishing strike breakers, but defendant offered and agreed to furnish the said strike breakers as an inducement to the Wausau Open Shop Association to purchase the other services of the defendant above referred to, and did furnish them pursuant to such offer and agreement; and by reason of said facts some portion of the compensation received by defendant and designated as compensation for strike guards and for the services of defendant's vice-president is in law attributable to, and constitutes direct or indirect compensation for, the furnishing of strike breakers in the manner hereinbefore set forth. Defendant was further compensated for the furnishing of said strike breakers in the fact that by doing so defendant automatically increased the number of strike guards to be furnished by it and to be paid for by said association, the proportion of guards to strike breakers being about one to three.

"5. At none of the times hereinbefore mentioned was the defendant licensed by the industrial commission of Wisconsin to operate as an employment agent for compensation, as required by sec. 2394—86, Stats., nor has any application ever been made by said defendant to said commission for such a license.

"6. By reason of defendant operating as an employment agent without a license in the manner hereinbefore set

forth, defendant became liable to the forfeiture fixed by sec. 2394—70 of the Statutes (as made applicable by the provisions of sec. 2394—95 of the Statutes), to wit: not less than $10 nor more than $100, payable into the treasury of the state of Wisconsin.

"7. This action is brought by the attorney general of Wisconsin pursuant to request of the industrial commission as provided in sec. 2394—66 of the Statutes."

For other causes of action the complaint repeated the foregoing allegations, but substituted for the name of Gus Affeldt other names. The following are sections of the statute on which the action is based:

"The term 'employment agent' shall mean and include all persons, firms, corporations or associations engaged in the business of furnishing to persons seeking employment, information enabling or tending to enable such persons to secure the same, or furnishing employers seeking laborers or other help of any kind, information enabling or tending to enable such employers to secure such help, or keeping a register of persons seeking employment or help as aforesaid." Sec. 2394—82.

"No person, firm, corporation or association shall engage in the business of an employment agent for profit, or receive any fee, charge, commission or other compensation, directly or indirectly, for services as an employment agent without first having obtained a license from the industrial commission of Wisconsin and executing a bond as hereinafter provided. Said license shall constitute a license from this state to operate as an employment agent for compensation and shall not be transferable to any other person or persons whatever, or inure to the benefit of any person other than the licensee." Sec. 2394—86.

It is clear that the paragraph of the complaint quoted properly states that defendant is an employment agent within the meaning of the statute. It is also plain that the complaint states that defendant performed service for Gustave Affeldt by giving him information tending to enable him to secure employment and to the Wausau Open Shop Association of Wausau, Wisconsin, an employer, tending to

enable the association to secure the services of Affeldt as a strike breaker.   By the demurrer defendant admits that it had no license as required by the statute.

Appellant's counsel claim that there are no sufficient allegations that the defendant received a profit or compensation for the service rendered.   Although there are direct averments that compensation was received, it is contended that the other language of the complaint describing the manner in which the alleged compensation was made, when analyzed, shows that in fact none was received.

It may be gathered from the complaint that the object of the contract referred to was to secure strike breakers as employees for the defendant, and that to accomplish the purpose sought it was deemed necessary also to furnish strike guards and the supervisory services of some person, and the person designated for this service was vice-president of defendant.

If the complaint is defective, as claimed by counsel for defendant, it is because there is no direct allegation that compensation was paid for furnishing strike breakers; but that the allegations on that subject are mere conclusions of law.   It is alleged, however, that compensation was paid for furnishing the strike guards and for the services of defendant's vice-president, and that the executed agreement to furnish strike breakers was an inducement to the Wausau Open Shop Association to purchase these other services. Then follow the allegations especially objected to, wherein it is stated that some portion of the compensation designated as compensation for strike guards and for services of defendant's vice-president constitutes compensation for strike breakers.

It is true the complaint does not go into detail stating the manner in which the persons whose services were furnished were paid, nor the exact manner by which furnishing of additional strike guards furnished compensation for providing strike breakers.   But these are details which might

be called for by a motion to make the complaint more definite and certain if deemed necessary.

There is some force in the claim that the clause of the complaint which declares that some portion of the compensation for strike guards and for services of defendant's vice-president is in law attributable to compensation for furnishing strike breakers is a mere conclusion of law, but it is accompanied by the averment that it constitutes a direct or indirect compensation for the furnishing of strike breakers. There is the further direct allegation that there was further compensation in the fact that this automatically increased the number of strike guards to be furnished and paid for.

Although the manner in which the furnishing of strike guards compensated defendant is not stated, we do not consider that this averment is a mere conclusion of law or that the omission of this detail is ground for demurrer.

If the defendant was engaged in the business of an employment agent, within the meaning of the statute, and engaged in the business of an employment agent for profit, or received any fee, charge, commission, or other compensation for services as such employment agent without having first obtained the license required by law, there was a violation of the law. The evidentiary facts constituting the cause of action are not required to be fully pleaded. It is quite probable that in this case the exact details of the arrangement between the defendant and the Wausau Open Shop Association were unknown to the pleader.

It is contended by counsel for the State that it may be fairly inferred from the complaint that there was an attempt to evade the statute by virtue of a subterfuge having for its basis a private arrangement which is essentially colorable. On this subject we express no opinion. When the facts are proven there will be far better opportunity to reach a conclusion in respect to it. It is clear, however, that the state could not be bound by a colorable arrangement for

gratuitous service if the evidence showed that in fact it was for profit. *Till v. State,* 172 Wis. 266, 177 N. W. 589. Counsel for defendant cite authorities from other jurisdictions to the effect that since the action is penal in its nature the complaint should be strictly construed. Although for penalties, the action is civil and not criminal, and it is well settled in this state that in actions for penalties as in other civil actions the pleadings are to be construed liberally to meet the ends of justice between the parties. *State v. Zillmann,* 121 Wis. 472, 98 N. W. 543; *Teetshorn v. Hull,* 30 Wis. 162; *State v. Smith,* 52 Wis. 134, 8 N. W. 870; *Chafin v. Waukesha Co.* 62 Wis. 463, 22 N. W. 732.

It is true that statutes imposing penalties are subject to the rule of strict construction. *State v. Wis. Cent. R. Co.* 133 Wis. 478, 113 N. W. 952; 21 Ruling Case Law, 209.

Counsel for defendant argue that a construction upholding the complaint would make the statute violative of the Fourteenth amendment, and among other cases they cite *Adams v. Tanner,* 244 U. S. 590, 37 Sup. Ct. 662. In that case there was construed the following section of a statute of the state of Washington:

"Section 2. It shall be unlawful for any employment agent, his representative, or any other person to demand or receive either directly or indirectly from any person seeking employment, or from any person on his or her behalf, any remuneration or fee whatsoever for furnishing him or her with employment or with information leading thereto."

In that case it was held that the securing of honest work for the unemployed for compensation is a legitimate business, which, under the police power of the state, may be regulated but cannot be forbidden.

It is very clear that the statute now under consideration makes no attempt to prohibit employment agencies. It only provides for their regulation. In construing a Michigan statute providing for licensing and regulating such agencies it was said:

"Considering our former opinions, it seems clear that,

without violating the federal constitution, a state, exercising its police power, may require licenses for employment agencies and prescribe reasonable regulations in respect of them to be enforced according to the legal discretion of a commissioner. The general nature of the business is such that unless regulated many persons may be exposed to misfortunes against which the legislature can properly protect them." *Brazee v. Michigan,* 241 U. S. 340, 343, 36 Sup. Ct. 561.

The statute relied on by the State is not ambiguous, and there seems to be but little room for construction. The complaint is subject to some of the criticism which has been referred to, but, applying the rule that pleadings are to be liberally construed, we do not regard it subject to demurrer.

*By the Court.*—The order of the circuit court is affirmed.