STATE, Appellant, v. JAMES and another, Respondents.

*No. 277. Argued June 2, 1970.—Decided June 26, 1970.*
(Also reported in 177 N. W. 2d 864.)

For the appellant the cause was argued by *Roy G. Mita,* assistant attorney general, with whom on the briefs was *Robert W. Warren,* attorney general.

For the respondent Thomas James there was a brief by *Kaftan, Kaftan, Kaftan & Kuehne* of Green Bay, and oral argument by *Arthur Kaftan.*

WILKIE, J. The only issue on this appeal is whether the state must give notice, reasonably calculated to inform a nonresident owner of a building of building code

violations in order to maintain an action to collect forfeitures from such owner. We think so.

It is true that the state building code has the force and effect of statutes.[1] However, this does not dispense with the requirement, once violations of the code have been found, that there must be notice of such violations before a forfeiture can be imposed.

Forfeitures are not favored in the law[2] and statutes imposing the same are subject to the rule of strict construction.[3] Sec. 101.18, Stats., provides:

> **"Per diem unit of violations.** Every day during which any person, persons, corporation or any officer, agent or employee thereof, shall fail to observe and comply with any order of the commission or to perform any duty enjoined by sections 101.01 to 101.29, inclusive, shall constitute a separate and distinct violation of such order, or of said sections as the case may be."

For such forfeiture to accrue we think that the alleged nonresident violator should receive notice of those violations. Although it is not necessary to receive actual notice before being subject to forfeitures there must be notice reasonably calculated to inform the nonresident owner of the building.

The forfeiture provisions of this statute were intended to compel a reluctant building owner to comply with the building code. These forfeitures would be imposed in situations where the owner refused to comply and an action had to be brought to make him take the necessary steps. In such a situation the owner would undoubtedly have notice. But in this case James made the necessary corrections upon learning of the defects. In this type

[1] *Park Bldg. Corp. v. Industrial Comm.* (1960), 9 Wis. 2d 78, 91, 100 N. W. 2d. 571.

[2] *See:* 36 Am. Jur. 2d, *Forfeitures and Penalties,* p. 615, sec. 8.

[3] *State v. Howard W. Russell, Inc.* (1923), 181 Wis. 76, 194 N. W. 43. *See also: State v. Peterson* (1930), 201 Wis. 20, 229 N. W. 48.

of situation the imposition of forfeitures without notice of violation and opportunity to comply was not intended.[4]

Moreover, if a forfeiture could be imposed without first giving notice of violation and an opportunity to comply, a serious due-process question would be raised.

The trial court was entirely correct in its twofold ruling here that there must be notice to James and that there was none given.

The attorney general for the first time in the reply brief argues that even if dismissal of the forfeiture action as to James was proper, the trial court erred in dismissing also as to William Czerwonka. We have considered this argument and find it has no merit.

*By the Court.*—Order affirmed.

[4] *See generally: Robert A. Johnston Co. v. Industrial Comm.* (1943), 242 Wis. 299, 7 N. W. 2d 854.