COMMONWEALTH *vs.* CHRISTOPHER J. DAVIS. June 4, 1971. The defendant appeals under G. L. c. 278, §§ 33A–33G, from convictions by a jury on charges of assault with a dangerous weapon and carrying a pistol in an automobile without a license to do so, in violation of G. L. c. 269, § 10. A third conviction was placed on file without sentence, and the appeal from that conviction is not properly before us. *Commonwealth* v. *Locke*, 338 Mass. 682, 684. *Commonwealth* v. *Cosolito, ante,* 467, 469. Any assignments not expressly waived, but not argued, are deemed waived. *Commonwealth* v. *Foley,* 358 Mass. 233. The defendant assigns as error the placing of the burden on him to prove that he was licensed or authorized to carry a pistol and argues that this is "inconsistent with Massachusetts cases and statutes . . . and contravenes his basic rights." However, this is the very procedure established by G. L. c. 278, § 7, and we do not believe it is unconstitutional. *Commonwealth* v. *McCarty,* 141 Mass. 420, 422. *Commonwealth* v. *Nickerson,* 236 Mass. 281, 305. *Commonwealth* v. *Dzewiacin,* 252 Mass. 126, 130–131. General Laws c. 269, § 10, proscribes certain inherently dangerous acts, and G. L. c. 278, § 7, allows the defendant to show that his conduct is within an exception to the proscription. *Commonwealth* v. *Nickerson, supra.* The defendant also

argues that the trial judge erred by denying counsel permission to handle a pistol, clip, and cartridge casing introduced as exhibits at the trial and by making certain comments concerning the handling of the pistol in the court room. The record shows no abuse of discretion by the judge, who explained the need to exercise caution in a crowded court room. The defendant's counsel was afforded sufficient opportunity to inspect the objects in question and was given the opportunity to cross-examine the officer who had seized the pistol and the ballistics expert who examined it. The comments to which the defendant took exception appear to us to be inconsequential and were not prejudicial. *Commonwealth* v. *Mele,* 358 Mass. 225, 230. There was no error.

*Judgments affirmed.*

*Richard C. Chambers* for the defendant.

*John P. Connor, Jr.,* Special Assistant Attorney General, for the Commonwealth.