THOMAS LOFTUS, Chairperson Assembly Organization Committee
You request an opinion on the rights and responsibilities of town, city and village treasurers relative to the settlement of taxes with other governmental units under section 74.22, Stats. Your request is on behalf of a local attorney who is concerned about a township's practice of delaying tax payments while earning additional interest and thereby "floating" funds due local school districts. The delay which results from this type of investment practice prompts you to present four questions regarding a school district's right to compel timely tax settlements: can a school district impose penalties under section 74.22 for late payments; do any statutory duties exist for immediate payment by towns to school districts; when is a delay of payment unreasonable; and finally, can delays from county units of government be prevented?
 1. Can a school district employ all or a portion of section 74.22 to impose penalties on a town, city or village treasurer who fails to settle tax payments within the time required by law?
Section 74.22 provides that:
 If any town, city or village treasurer shall fail to make settlement of the taxes included in the tax roll within the time required by law the county treasurer shall charge such town, city or village treasurer 5% damages and 12% interest per year from the day payment should have been made on the balance of unsettled taxes due; and if any town, city or village treasurer shall withhold the payment of any public moneys collected or *Page 85 
received, after the same should be paid and shall have been demanded, such treasurer shall pay 10% damages and 12% interest, as above specified, on such moneys; which moneys, damages and interests may be collected by action upon such town, city or village treasurer's bond.
Damage and interest provisions of this statutory section represent penalties which are to be imposed on the local treasurer for failing to settle tax payments within the time required by law. Rinder v. Madison, 163 Wis. 525, 158 N.W. 302
(1916). The right to impose these penalties, however, rests solely with the county treasurer. State ex rel. Sheboygan Countyv. Telgener, 199 Wis. 523, 526, 227 N.W. 35 (1929), states that ordinarily "sec. 74.22 . . . gives the county treasurer the right to bring an action against the [local] . . . treasurer on his official bond, to recover the funds . . . withheld." The right to impose penalties under section 74.22 cannot be extended to other local units of government, such as a school district, unless this right is expressly granted by the Legislature.
Forfeitures and penalties are not favored in the law and statutes imposing them are subject to the rule of strict construction. State v. James, 47 Wis.2d 600, 602, 177 N.W.2d 864
(1970). Under the rule of strict construction, statutory interpretation will not stray beyond the express language of the statute. A close examination of chapter 74 in its entirety reveals that the Legislature has not expressly granted to a school district, a school board or a school board treasurer the right to impose penalties for late tax settlements. Furthermore, this right does not appear in any of the language constituting chapter 120 which defines the scope of authority for school district governments. Section 120.16(2) permits the school district treasurer to "[a]pply for, receive and sue for all money appropriated to or collected for the school district . . .," but there is no mention of the right to impose penalties or a forfeiture.
An express statutory right to impose penalties for late tax settlement exists in Wisconsin in three situations: where a town, city or village is liable to a county treasurer, section 74.22; where an individual taxpayer is liable to a county, section 74.32; and finally. where a county shall be liable to the state treasurer, section 74.27. Given the strict construction applied to penal statutes, I conclude that section 74.22, as a penal statute, grants exclusive power to the county treasurer. Section 74.22 must be read in its entirety and it mentions only the right of the county treasurer to impose penalties *Page 86 
under that section in the event of late tax settlements. Therefore, a school district cannot employ section 74.22 in whole or in part to impose penalties on a town, city or village treasurer for delayed payments.
While a school district is not entitled to the damages and twelve percent interest allowed under section 74.22, a school district may be entitled to interest on monies withheld at the legal rate of five percent under sections 120.16(2) and 138.04. In Milwaukee v. Firemen Relief Asso., 42 Wis.2d 23, 39,165 N.W.2d 384 (1969), the court ruled that rates of interest set forth in section 138.04 "should be construed as being declaratory of the common law as it now exists and as applicable to all legal entities, including all branches of government, unless specifically exempted by legislative enactment." This language was recently upheld in Boldt v. State, 101 Wis.2d 566, 583,305 N.W.2d 133 (1981). I construe the phrase in section 74.03(8)(g), "[s]ettlements for all other taxes and special assessments shall be made without interest," as referring solely to payments made by the county treasurer to a town. It is not applicable to late payments by towns to school districts and therefore does not prohibit the imposition of a five percent legal interest rate on late payments made by towns to school districts.
 2. Are there any statutory provisions other than section 74.22 which impose a duty of immediate payment by a town to a school district?
Despite recent, substantial changes in Wisconsin town law, local treasurers are still clearly required to promptly settle monies owed to school districts. Several statutory sections untouched by legislative revisions state that payments must be made by local treasurers within certain dates. Section74.03(5)(a) requires the town, city or village treasurer to settle for all local collections "[o]n or before March 15 and on or before the 15th day of each month . . . ." For the first settlements made by counties pursuant to section 74.03(8)(a), the county treasurer is to settle for all collections of delinquent, postponed taxes and special assessments "[o]n or before August 20." There is no provision for delay in either section74.03(5)(a) or 74.03(8)(a).
Before its repeal in 1983 Wisconsin Act 532, section 60.49(6)(a) expressly required town treasurers to make proportional settlements of school monies under section74.03(8)(f) whenever the *Page 87 
same had been paid to the treasurer or whenever credit had been received from the county treasurer. Sec. 60.49(6)(a), Stats. (1981-82). This statutory command for expediency remains despite the repeal of section 60.49(6)(a). Section 60.34(4) and (5), effective January 1, 1985, retains the substantive aspects of section 60.49(6)(a) and (b). The drafter's note to 1983 Wisconsin Act 532 refers to the repeal of section 60.49(6)(a) as an effort either to avoid duplication of treasurer's duties already found under section 74.03, or an effort to remove outdated, obsolete portions of that statute. There is no evidence that the Legislature considered requirements for timely tax settlements to be outdated or obsolete. Thus, a local treasurer's duty to settle payments whenever credit is available remains within the language of sections 60.34(5)(a) and (b) and 74.03.
Legislative intent to compel prompt settlement is further evidenced by the recent revision of section 74.03(8)(f). Under the amended section, county treasurers may pay proportional settlements directly, and more expediently, to school districts without having to first send these monies to town, village or city treasurers. Section 74.03(8)(f) as amended by 1983 Wisconsin Act 395.
Finally, section 60.34(5)(a) limits delays in payment to a five-day grace period for town treasurers making preliminary settlements of available monies. Section 60.34(5)(a) requires town treasurers to "make partial apportionment of levies by school districts and vocational, technical and adult education districts out of any funds available in the town treasury prior to the tax apportionment provided by s. 74.03(5) within 5 days after the filing of a written request by the district board."
3. When is a delay of payment unreasonable?
As noted above, section 60.34(5)(a) requires a town treasurer to respond to a school district's request for partial levy payments within five days. The Legislature specifically amended section 60.49(6)(b) in 1981, replacing the phrase "respond to a school district . . . promptly" with the phrase "respond to a school district . . . within five days." Chapter 196, section 1m, Laws of 1981, effective April 21, 1982. This is evidence of express legislative intent to prevent any delay lasting more than five days from the time that a school district submits its request for payment. Note also that legislative changes in 1981 included a provision that "the town board may not deny such arequest." Chapter 196. section 1m, Laws *Page 88 
of 1981. These changes survived the Legislature's recent revision of chapter 60 and remain part of section 60.34(5)(a). Thus, the clear intent of existing statutory sections is to compel prompt settlement.
"Prompt" settlements will be construed fairly narrowly by the courts and untimely payments will not be permitted without substantial justification. It will be unreasonable for a local treasurer to withhold school district funds to pay town government operating expenses, 21 Op. Att'y Gen. 407 (1932); and a town treasurer may not delay such payments to await approval or authorization from the town board, First Nat. Bank v. Town ofYork, 212 Wis. 264, 249 N.W. 513 (1933); section 60.34(5)(b).
Ultimately, when town officials delay settlement to make interest on the "float" of loans they are acting unreasonably and are not complying with the law. Wisconsin statutes allow local governmental units to invest only those funds "not immediately needed." Sec. 66.042(1), Stats. Funds owing to local units, such as a school district, would be ineligible for investment by local officials because they do not constitute monies "not immediately needed." Wisconsin statutes further direct that it is "the duty of the [town] clerk to draw and deliver to the [town] treasurer an order . . . before or at the time when such payment is required to be made by the treasurer." Sec. 66.042(1), Stats.
 4. Can anything be done by a town to prevent an apparent delay of payment by the county treasurer?
Recent legislative revisions of chapter 60 included the repeal of section 60.49(9) which specifically allowed town treasurers to sue for monies that county treasurers neglected or refused to settle. Currently, town treasurers may rely on section 74.28 to bring mandamus and compel prompt settlement.
Section 74.28 provides that "[e]ach county treasurer shall pay to the several towns, cities or villages on demand, all money collected or received by him and belonging to them; but he may retain in the county treasury all amounts due from any town, city or village to the county."
A county treasurer who is investing monies immediately owing will also be in violation of section 66.04(2), as discussed in response to your third question. Finally, in those extreme cases where county *Page 89 
treasurers willfully neglect to settle payments promptly, such treasurers may be subject to criminal sanctions under section946.12(1).
BCL:DDS