SILVERBERG, Appellant, v. INDUSTRIAL COMMISSION, Respondent.

*April 28—June 2, 1964.*

146

For the appellant there was a brief by *Glassner, Clancy & Glassner* of Milwaukee, and oral argument by *William E. Glassner, Jr.*

For the respondent Industrial Commission the cause was argued by *Beatrice Lampert,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

BEILFUSS, J. The petitioner contends he is entitled to an employment agent's license; the commission contends that the application should be denied. Both parties to this appeal agree that the disputed issues should be resolved upon the record as it now appears and that the matter should not be remanded to the commission for further evidentiary consideration.

The principal statute involved is sec. 105.13:

"REFUSAL TO ISSUE AND REVOCATION OF LICENSE. It shall be the duty of the industrial commission, and it shall have power, jurisdiction and authority to issue licenses to employment agents, and to refuse to issue such license whenever, after due investigation, the commission or a majority of the members thereof finds that the character of the applicant makes him unfit to be an employment agent, or when the premises for conducting the business of an employment agent is found upon investigation to be unfit for such use, or whenever, upon investigation by the commission, it is found and determined that the number of licensed employment agents or that the employment agency operated by the United States, the state or by the municipality or by two or more thereof jointly in the community in which the applicant for a permit proposes to operate is sufficient to supply the needs of employers and employes. Any such license granted by the commission may also be revoked by it upon due notice to the holder of said license, and upon due cause shown. Failure to comply with the duties, terms, conditions or provisions of sections 105.01 to 105.15, inclusive, of the statutes, or with any lawful orders of the commission, shall be deemed due cause to revoke such license."

The statute directs the commission to issue a license and to refuse to do so if after investigation the commission or a

majority of the members find (1) the character of applicant makes him unfit, or (2) the premises for conducting the business are unfit, or (3) that the number of licensed agencies, including state, federal, or municipal agencies operating in the community, is sufficient to meet the needs of employers and employees.

The first grounds for refusal were resolved in favor of the petitioner and are not in dispute. Our consideration is limited to the third ground of refusal under the statute, *i.e.,* whether the needs of employees and employers are sufficiently supplied.

The court has considered this portion of the statute on previous occasions. In *Graebner v. Industrial Comm.* (1955), 269 Wis. 252, 68 N. W. (2d) 714, we decided that the statute was constitutional in that it did not violate the due-process clause of the Fourteenth amendment and that it was a valid delegation of legislative authority.

"The business of conducting an employment agency is a legitimate one in which all persons similarly situated are lawfully entitled to engage, but it is one which is so far concerned with the welfare of the public that it is within the police power of the state to regulate it. *State v. Howard W. Russell, Inc.,* 181 Wis. 76, 194 N. W. 43. Such power carries with it the right to require that one who desires to engage in the business shall have a license therefor. It is also the established law that a legislative act may validly confer upon an agency of the government authority to grant or to withhold a license, provided that, where discretion is to be exercised by such agency, proper standards or guides for the use of the discretion are established by the act and that the act may not be construed as conferring upon the agency the power to exercise its discretion unreasonably, arbitrarily, or capriciously. *Mehlos v. Milwaukee,* 156 Wis. 591, 146 N. W. 882. (p. 255.)

". . .

"The statute involved in the instant case must be given similar construction. The standards prescribed are that

the license is to be refused if the character of the applicant makes him unfit to be an employment agent or when the premises whereon he purports to operate is found to be unfit for use, or if the community in which he proposed to operate is adequately served by existing agencies. Upon the authority of the Wisconsin cases to which we have referred we must hold that the statute, in so far as it empowers the commission to grant or to refuse a license under the circumstances prescribed, is valid." (p. 257.)

In oral argument petitioner has asked us to re-examine and overrule the *Graebner Case, supra.* While we are not precluded from a re-examination of a former case upon request at oral argument, we determine upon the record before us, it is inappropriate to do so in this instance.

The controlling case here is *Harding v. Industrial Comm.* (1961), 12 Wis. (2d) 274, 107 N. W. (2d) 273, 108 N. W. (2d) 155.

In the *Harding Case* we determined that a public hearing was required before an application for an employment agency license could be denied and reasserted the standards to be used by the commission as set forth in *Graebner.*

"If, on the other hand, the refusal of a license under sec. 105.13, Stats., be considered the final decision of the commission, without any possibility of gaining a hearing under sec. 101.15, sec. 105.13 should be construed as requiring a hearing before refusal of a license. Notwithstanding the use of the term 'investigation' as the basis for the findings, the commission has proceeded in the past as if the word were 'hearing.' Doubts would arise as to the validity of excluding persons from a lawful business by reason of determinations of fact reached without a hearing. Both the administrative practice, and the doubts referred to would support the construction that the investigation must take the form of a hearing.

"In this case, we are concerned only with the third ground for refusal specified in sec. 105.13, Stats., *i.e.,* whether the

needs of employers and employees in the Milwaukee community are sufficiently supplied.

"The validity of empowering the Industrial Commission to refuse a license upon a finding that such needs are sufficiently supplied by existing agencies was sustained in *Graebner v. Industrial Comm.* (1955), 269 Wis. 252, 68 N. W. (2d) 714. In discussing the standard for the exercise of the commission's power, the court said, at page 258:

" 'We agree that the commission shall consider both the quality and the quantity of the service rendered and whether or not that would be improved by the grant of additional permits.' " (pp. *277, 278.*)

The scope of review of administrative agency findings and the problems in respect thereto have been recently stated in *Copland v. Department of Taxation* (1962), 16 Wis. (2d) 543, 553–555, 114 N. W. (2d) 858.

"The majority and dissenting members of this court are in full agreement as to the principles of law governing the scope of judicial review of an agency's findings of fact under the Wisconsin Administrative Procedure Act (ch. 227, Stats.). The controlling statute is sec. 227.20 (1) (d), which authorizes a reviewing court to reverse or modify an agency decision if substantial rights of the aggrieved party have been prejudiced as a result of the administrative findings being *'unsupported by substantial evidence in view of the entire record as submitted.'* (Italics supplied.)

"Thus, to apply this standard we must first determine what is meant by 'substantial evidence.' E. Blythe Stason, in an article entitled 'Substantial Evidence' in Administrative Law, 89 University of Pennsylvania Law Review (1941), 1026, 1038, states:

" '[T]he term "substantial evidence" should be construed to confer finality upon an administrative decision on the facts when, upon an examination of the entire record, the evidence, including the inferences therefrom, is found to be such that a reasonable man, acting reasonably, *might* have reached the decision; but, on the other hand, if a reasonable man, acting reasonably, *could not* have reached the

decision from the evidence and its inferences then the decision is not supported by substantial evidence and it should be set aside.'

"This court, in *Gateway City Transfer Co. v. Public Service Comm.* (1948), 253 Wis. 397, 405, 406, 34 N. W. (2d) 238, quoted from *Consolidated Edison Co. v. National L. R. Board* (1938), 305 U. S. 197, 59 Sup. Ct. 206, 83 L. Ed. 126, to the effect that 'substantial evidence' is 'such relevant evidence as a *reasonable mind* might accept as adequate to support a conclusion.' (Emphasis supplied.)

"We deem that the test of reasonableness is implicit in the statutory words 'substantial evidence.' However, in applying this test the crucial question is whether a reviewing court is only to consider the evidence which tends to support the agency's findings, or whether it is also to consider the evidence which controverts, explains, or impeaches the former. Use of the statutory words 'in view of the entire record as submitted' strongly suggests that the test of reasonableness is to be applied to the evidence as a whole, not merely to that part which tends to support the agency's findings. This court so interpreted sec. 227.20 (1) (d), Stats., in *Albrent Freight & Storage Co. v. Public Service Comm.* (1953), 263 Wis. 119, 128, 56 N. W. (2d) 846, 58 N. W. (2d) 410, and *Motor Transport Co. v. Public Service Comm.* (1953), 263 Wis. 31, 45, 56 N. W. (2d) 548. See also 4 Davis, Administrative Law Treatise, pp. 129, 130, sec. 29.03.

"It is a commonly accepted principle that a reviewing court should not pass on the credibility of witnesses nor the weight of the evidence, because these lie exclusively within the province of the agency. Likewise, a reviewing court is not to substitute its judgment for that of the agency where, in evaluating conflicting evidence in a field in which the agency possesses expertise which the court does not, the agency probably has employed its expert knowledge. However, in reviewing an agency finding, drawing a line between a weighing of the evidence and the evaluation of its reasonableness presents an illusive problem."

In applying the "substantial evidence" rule to the standard that the commission shall "consider both the quality and

the quantity of the service rendered and whether or not that would be improved by the grant of additional permits," [1] we conclude in view of the entire record reasonable minds must agree that the quality and quantity of service rendered would be improved and as such be beneficial to the needs of employers and employees.

The words of the statute are that the license is to be denied if existing agencies are "sufficient to supply the needs of employers and employes." We conclude the legislature intended that competent and well-regulated employment agencies which would add to the quality and quantity of employment services so as to supply a need sought by employers or employees should be granted an employment agency license.

Applying these tests to the entire record before us, we conclude that the petitioner has established that the employment services he proposes to render will improve the quality and quantity of employment services to a significant number of prospective employers and employees. The fact that services now available may to some degree overlap those proposed by the petitioner does not negate the inference that the quality and quantity of the services to be offered will be beneficial to employers and employees. Nor does this record permit a reasonable inference that detrimental or unfair competition will result. An employment agent's license should be granted to the petitioner.

An *amicus curiae* brief has been filed. The brief seeks to challenge the validity of testimony in the record by statements and assertions. This is not a proper function of *amicus curiae*. The brief is, therefore, stricken from the record.

*By the Court.*—Judgment reversed, cause remanded with directions to reverse the decision of the Industrial Commis-

---

[1] *Graebner v. Industrial Comm., supra*, p. 258.

sion and to remand the proceeding to the commission for further proceedings, not inconsistent with the opinion filed herein. The brief *amicus curiae* will be stricken from the record.

WILKIE, J., took no part.