PICK 'N SAVE ROUNDY'S and Old Republic Insurance
Company, Plaintiffs-Appellants,

v.

LABOR AND INDUSTRY REVIEW COMMISSION and Jill
Lucchesi, Defendants-Respondents.

Court of Appeals

*No. 2009AP2594. Submitted on briefs May 27, 2010.
—Decided August 25, 2010.*

2010 WI App 130

(Also reported in 791 N.W.2d 216.)

677

Before Brown, C.J., Neubauer, P.J., and Anderson, J.

¶ 1. ANDERSON, J. Pick 'n Save Roundy's and Old Republic Insurance Company (Pick 'n Save) appeal from a circuit court decision affirming the Labor and Industry Review Commission's (LIRC) order awarding compensation to Jill Lucchesi for injuries suffered while performing cake decorating because she was asked to do so by her superiors, despite the fact that Pick 'n Save was aware of medical restrictions prohibiting such activity. We hold that LIRC is entitled to great weight deference, and its finding that Lucchesi's injuries were not self-inflicted is reasonable under the plain language of WIS. STAT. § 102.03(1)(d) (2007–08)[1] and consistent with the purpose of the Worker's Compensation Act. We therefore affirm the circuit court.

¶ 2. Lucchesi began working at Pick 'n Save grocery store in Brookfield, Wisconsin, in 1996. She later became a cake decorator at the store, a job that entailed "repetitive squeezing of a frosting tube." In 2000, Lucchesi began experiencing problems in both wrists and sought treatment from Dr. David Haskell, an orthopedic surgeon. Dr. Haskell diagnosed Lucchesi with carpal tunnel syndrome and performed surgery in 2001. Dr. Haskell gave Lucchesi a one-page document entitled Recommendations to Return to Work, which listed "no cake decorating" as a permanent work restriction. Soon after, Lucchesi returned to work at Pick 'n Save and gave Dr. Haskell's work recommendations to the store manager on duty. Lucchesi was assigned to bakery clerk duties, performing tasks not involving cake decorating.

¶ 3. Lucchesi continued to work as a bakery clerk until late spring 2005, when two of the store's cake decorators were transferred. The store manager and

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

bakery manager at the time then asked Lucchesi to fill in as a cake decorator. Lucchesi claimed that she was willing to do this in spite of her work restrictions because she had been told that the store could not schedule her for thirty or more hours per week exclusively as a bakery clerk. Lucchesi's eligibility for health insurance required her to work at least thirty hours per week. This lasted until other cake decorators were hired in late 2005.

¶ 4. In late 2006, Lucchesi testified that the staff was again short of cake decorators and that she was again asked by management to fill in as a cake decorator. Lucchesi then returned to cake decorating until she began experiencing problems in January 2007. Lucchesi was again referred to Dr. Haskell, who performed carpal tunnel release surgeries on both wrists during spring 2007. After the surgeries, Dr. Haskell diagnosed Lucchesi with a five percent disability as compared to amputation of each wrist and expressed the opinion that the carpal tunnel syndrome was "directly related to her work activity as a bakery employee."

¶ 5. After the surgeries, Pick 'n Save denied Lucchesi's claim for worker's compensation benefits. A worker's compensation administrator informed Lucchesi of Pick 'n Save's belief that her injuries were self-inflicted by working outside her permanent restrictions. As a result, Lucchesi did not receive any disability benefits or obtain any other source of income while recovering from the surgeries. Lucchesi was then granted a hearing before the Wisconsin Department of Workforce Development.

¶ 6. An administrative law judge (ALJ) found that Dr. Haskell's work restriction provided notice of Lucchesi's restrictions and that Pick 'n Save failed to educate its supervisory staff of those restrictions or

reasonably enforce them. As a result, the judge ruled in favor of Lucchesi, ordered Pick 'n Save to pay $15,553.22 to Lucchesi as accrued compensation, and also ordered payment of other medical expenses. Pick 'n Save appealed the decision to LIRC, which upheld the ALJ's order. In its memorandum opinion, LIRC found that Lucchesi's activities did not meet the definition of an intentional self-inflicted injury. LIRC agreed with the ALJ's determination that even though Pick 'n Save was aware of Lucchesi's restrictions, it still requested that she perform cake decorating. It also found "no evidence that [Lucchesi] specifically acted to re-injure herself."

¶ 7. Pick 'n Save then appealed to the circuit court for Waukesha county, which upheld LIRC's decision. Pick 'n Save now appeals to this court.

¶ 8. On appeal, we review LIRC's decision and not the circuit court's. *See Liberty Trucking Co. v. DILHR*, 57 Wis. 2d 331, 342, 204 N.W.2d 457 (1973). Moreover, LIRC's factual findings are conclusive. *See* WIS. STAT. § 102.23(1)(a). This court "shall not substitute its judgment for that of the commission as to the weight or credibility of the evidence on any finding of fact" given credible supporting evidence in the record. *See* § 102.23(6). When a question of fact involves a person's acts or his or her intent in doing such acts, the finding of LIRC is conclusive. *See Fitzgerald v. Globe-Union, Inc.*, 35 Wis. 2d 332, 337, 151 N.W.2d 136 (1967).

¶ 9. However, "[t]he construction of a statute and its application to undisputed facts are questions of law that we generally review independently." *See County of Dane v. LIRC*, 2009 WI 9, ¶ 14, 315 Wis. 2d 293, 759 N.W.2d 571. Depending on the circumstances, LIRC's

interpretation of a statute is accorded one of three levels of deference: great weight deference, due weight deference, or no deference. *Id.*

¶ 10. WISCONSIN STAT. § 102.03(1)(d) provides that an injury must not be "intentionally self-inflicted" among the many conditions of employer liability for worker's compensation benefits. LIRC found that because Lucchesi documented her work restrictions and was asked by her employer to return to cake decorating, Lucchesi's activities did not meet the "definition" of an intentionally self-inflicted injury under the statute.

¶ 11. Pick 'n Save contends that LIRC is entitled to no deference in its interpretation of WIS. STAT. § 102.03(1)(d) because the issues presented are of first impression. Conversely, LIRC argues that it is entitled to great weight deference given its expertise and its duty in applying the Worker's Compensation Act.

■■
¶ 12. LIRC's interpretation of WIS. STAT. § 102.03(1)(d) is entitled to great weight deference if (1) LIRC was charged by the legislature with the duty of administering the statute, (2) the interpretation of the statute is one of long-standing, (3) LIRC employed its expertise or specialized knowledge in forming the interpretation, and (4) LIRC's interpretation will provide uniformity and consistency in the application of the statute. *See County of Dane*, 315 Wis. 2d 293, ¶ 16. Under great weight deference, LIRC's interpretation will be upheld if it is reasonable, even if other more reasonable interpretations exist. *See id.*

■■
¶ 13. LIRC is entitled to due weight deference, an intermediate standard of review, if LIRC has some experience in this area, but has not developed enough

expertise to place it in a better position to interpret the statute than this court. *See id.*, ¶ 17. Under due weight deference, we will uphold LIRC's reasonable interpretation of the statute so long as another interpretation is not more reasonable. *See id.*

■■

¶ 14. LIRC's interpretation of WIS. STAT. § 102.03(1)(d) is entitled to no deference if "the issue before the agency is clearly one of first impression, or when an agency's position on an issue has been so inconsistent as to provide no real guidance." *See UFE Inc. v. LIRC*, 201 Wis. 2d 274, 285, 548 N.W.2d 57 (1996) (citations omitted). Under a no deference standard, we would essentially review the statute's application to these facts independently. *See Clean Wis. Inc. v. PSC*, 2005 WI 93, ¶ 43, 282 Wis. 2d 250, 700 N.W.2d 768.

■

¶ 15. Under the circumstances before us, LIRC's interpretation and application of the statute is appropriately accorded great weight deference. LIRC is charged with the duty of applying the Worker's Compensation Act at the administrative level, and "it is a well-established principle of statutory construction that the construction and interpretation of a statute adopted by an administrative agency charged with the duty of applying the law is entitled to great weight." *Schwartz v. DILHR*, 72 Wis. 2d 217, 221, 240 N.W.2d 173 (1976). Few cases directly interpret WIS. STAT. § 102.03(1)(d), and those that invoke the statute involve suicide or the intoxication of a claimant. *See, e.g., Brenne v. DILHR*, 38 Wis. 2d 84, 156 N.W.2d 497 (1968); *Nutrine Candy Co. v. Industrial Comm'n*, 243 Wis. 52, 9 N.W.2d 94 (1943). However, LIRC has a great deal of experience in determining the existence of employer liability. It has certainly developed sufficient expertise to put it in a

better position to interpret this provision than this court. LIRC "need not have decided a case with identical or similar facts in order for its decision to be given great weight deference." *Honthaners Rests., Inc. v. LIRC*, 2000 WI App 273, ¶ 12, 240 Wis. 2d 234, 621 N.W.2d 660. Additionally, we should defer to LIRC's interpretation where, as here, the legal question is "intertwined with factual determinations or with value or policy determinations" and LIRC "has primary responsibility for determination of fact and policy." *See Clean Wis.*, 282 Wis. 2d 250, ¶ 41 (citations omitted).

¶ 16. Therefore, under great weight deference, we need only determine whether LIRC's determination that Lucchesi's injuries were not intentionally self-inflicted is reasonable. *See County of Dane*, 315 Wis. 2d 293, ¶ 16. We hold that LIRC's interpretation of Wis. Stat. § 102.03(1)(d) is reasonable given the findings of fact and that it comports with the purpose of the Worker's Compensation Act.

¶ 17. The Worker's Compensation Act is a no-fault law which seeks to make employees whole again after a work-related injury, regardless of poor judgment or negligence on the part of the employee. *See Brakebush Bros., Inc. v. LIRC*, 210 Wis. 2d 623, 633–34, 563 N.W.2d 512 (1997); *American Motors Corp. v. Industrial Comm'n*, 1 Wis. 2d 261, 271, 83 N.W.2d 714 (1957). As such, "an injured employee is guaranteed 'recovery irrespective of his own fault and irrespective of the employer's absence of fault.'' *See County of Dane*, 315 Wis. 2d 293, ¶ 34 (quoting *Mulder v. Acme-Cleveland Corp.*, 95 Wis. 2d 173, 180, 290 N.W.2d 276 (1980)).

¶ 18. WISCONSIN STAT. ch. 102 does not define "intentionally" or "self-inflicted"; the only relevant definition is "injury," which means "mental or physical harm to an employee *caused by accident* or disease[.]" WIS. STAT. § 102.01(2)(c) (emphasis added). Even injuries caused by intentional conduct may qualify as an "accident" under the Worker's Compensation Act and may therefore be compensable. *See Jenson v. Employers Mut. Cas. Co.*, 161 Wis. 2d 253, 264, 468 N.W.2d 1 (1991).

¶ 19. While Lucchesi consented to returning to her cake decorating duties at her employer's request and then decorated cakes while aware of her previous work restrictions, her poor judgment does not preclude her from recovering under the Worker's Compensation Act. *See American Motors Corp.*, 1 Wis. 2d at 271.

¶ 20. It is clear that WIS. STAT. § 102.03(1)(d) exists to prevent fraud in the system, i.e., a deliberately inflicted injury for the purpose of recovering worker's compensation benefits. The provision "should be given full force and effect so that industry should not have to carry the burden of compensating for [an injury] for which it was in nowise responsible." *See Brenne*, 38 Wis. 2d at 92. However, fraud is not an issue here. LIRC essentially determined that Pick 'n Save, not Lucchesi, caused her injuries. Pick 'n Save kept Lucchesi's work restrictions on file; while Lucchesi's managers changed, Lucchesi testified that her restrictions were "general knowledge," and the ALJ verified her testimony. Despite having notice, Pick 'n Save still asked Lucchesi to decorate cakes, leading to her injury. Under these circumstances, Lucchesi's injuries were not intentionally self-inflicted; Pick 'n Save bears the responsibility and the burden of compensation.

¶ 21. Pick 'n Save further argues that Lucchesi is not entitled to compensation under WIS. STAT. § 102.42(6), which bars a claimant from recovering for a disability "insofar as the disability may be aggravated, caused or continued by an unreasonable refusal or neglect to submit to or follow any competent and reasonable medical . . . treatment[.]" However, the reasonableness of an employee's neglect or refusal to submit to treatment is a question of fact, and LIRC's findings will be upheld given credible evidence in the record. *See Klein Indus. Salvage v. DILHR*, 80 Wis. 2d 457, 461, 259 N.W.2d 124 (1977).

¶ 22. LIRC did not specifically mention WIS. STAT. § 102.42(6) in its decision; however, it did state that "[t]he evidence indicates the employer was aware of the applicant's restrictions and still requested that she perform the cake decorating activities." Given these factual conclusions, we see an implicit finding that Lucchesi's cake decorating was not an unreasonable refusal to follow competent medical treatment. As we have noted, Lucchesi decorated cakes and thus deviated from her medical treatment only at the behest of her employer, who had notice of her prior injury. Therefore, LIRC rightly concluded that "[n]othing in the Worker's Compensation Act would deny the applicant benefits when the applicant is subsequently injured while performing these activities."

¶ 23. Lucchesi's injuries were neither intentionally self-inflicted nor the result of an unreasonable refusal to follow competent medical treatment. Therefore, we affirm LIRC's decision.

*By the Court.*—Order affirmed.