PER CURIAM.
¶ 1 Daniel J. White appeals from a circuit court order affirming an order of the Labor and Industry Review Commission (LIRC) holding that White's employer, Sevenson Environmental Service, did not unreasonably refuse to rehire him because White abandoned his job. Because credible and substantial evidence supports LIRC's conclusion, we affirm.
¶ 2 White is an Operating Engineers 139 Union member who resides in Waukesha. In August 2012, Sevenson hired White to work in Marinette as a tugboat operator. He stayed in a motel due to the distance from his home. On May 22, 2013, White injured his back at work.[1] He continued working, but the pain worsened. He sought medical care and temporary work restrictions were ordered. On May 28, Sevenson put White on light duty, paying him at his usual rate.
¶ 3 Sevenson had authorized White to take a week-long leave from June 13-20 to celebrate his wedding anniversary. On June 12, his brother died in Waukesha, preempting his previous plans. White instead used his approved leave for family matters and to see his primary care physician in Waukesha.
¶ 4 White typically reported changes in his schedule to Steve Wilson, Sevenson's safety director. On or about June 17, White called Wilson to ask if he could return to work on June 27, instead of June 20, after his next PT appointment. No one returned White's call. White did not return after June 20 or after June 27.
¶ 5 White made no further efforts to contact Sevenson until August 1, when he called Wilson or payroll administrator Scott Burns to report that his Waukesha doctor had released him to return to work. He was told that Sevenson had no work and did not need him back. White did not contact his foreman, the site superintendent, or the general superintendent and did not provide Sevenson with his return-to-work slip. Sevenson did not formally discharge White per its practice to not give a written discharge document to a union employee who fails to return to the job site. On August 3, White cleared out his motel room.
¶ 6 On August 14, White's union referred him to work at a company closer to his home. For the next couple of years, he worked off and on for various employers at differing wages. When he had accumulated one-year's wage loss, White brought a claim against Sevenson under WIS. STAT. § 102.35(3) (2015-16),[2] alleging that when he was released to return to work, Sevenson refused to rehire him although work was available.
¶ 7 An administrative law judge (ALJ) of the Division of Hearings and Appeals, Office of Worker's Compensation Hearings, found that Sevenson's supervisory personnel told White he no longer was needed when he was released to return to work; that there was suitable work available at that time; and that no evidence was presented that Sevenson subsequently offered White employment. The ALJ concluded that Sevenson's refusal to rehire White was unreasonable, in violation of WIS. STAT. § 102.35(3). It awarded White nearly $57,000, one year's lost wages.
¶ 8 Sevenson petitioned LIRC for review. LIRC reversed the award of compensation. It found that the light-duty work Sevenson assigned to White was available from May 28 through August 1, that White was aware of this fact, and that he did not return to work after his preapproved leave. It also determined that White quit his employment with Sevenson by abandoning his job and that Sevenson did not refuse to rehire White without reasonable cause after his work-related injury.
¶ 9 White sought circuit court review. According great weight deference to LIRC, the court confirmed LIRC's order. White appeals.
¶ 10 We review LIRC's decision, not the circuit court's. Pick 'n Save Roundy's v. LIRC , 2010 WI App 130, ¶ 8, 329 Wis. 2d 674, 791 N.W.2d 216. LIRC's factual findings are conclusive if supported by credible and substantial evidence. WIS. STAT. § 102.23(6) ; General Cas. Co. of Wis. v. LIRC , 165 Wis. 2d 174, 178, 477 N.W.2d 322 (Ct. App. 1991).
Evidence is "credible and substantial" if it is "relevant, probative, and of a nature that it was not completely discredited as a matter of law by other [i]ncontrovertible facts," and, "when most favorably viewed, ... [would] justify persons of ordinary reason and fairness to reach a conclusion based upon it."
DWD v. LIRC , 2010 WI App 123, ¶ 5, 329 Wis. 2d 67, 792 N.W.2d 182 (alteration in original; citation omitted).
¶ 11 We review an administrative agency's conclusions of law de novo. Tetra Tech EC, Inc. v. DOR , 2018 WI 75, ¶ 84, 382 Wis. 2d 496, 914 N.W.2d 21.[3] We accord due weight, however, to the experience, technical competence, and specialized knowledge of the particular agency, as well as to the discretionary authority conferred upon it. WIS. STAT. § 227.57(10). "Due weight" means giving "respectful, appropriate consideration to the agency's views" while still exercising our independent judgment in deciding the legal question. Tetra Tech , 382 Wis. 2d 496, ¶ 78.
¶ 12 An employer must rehire an employee injured in the course of employment where suitable employment is available within the employee's limitations, unless the employer has "reasonable cause" not to. See WIS. STAT. § 102.35(3). Whether the established facts give rise to reasonable cause requires that we examine § 102.35(3) and its application to those facts. deBoer Transp., Inc. v. Swenson , 2011 WI 64, ¶ 31, 335 Wis. 2d 599, 804 N.W.2d 658. "[R]easonable cause" examines whether the employer's conduct was "fair, just, or fit under the circumstances." Id. , ¶ 43 (citation omitted). "Reasonable cause is a mixed question of fact and law." Id. , ¶ 29.
¶ 13 The issue is whether credible and substantial evidence supports LIRC's conclusion that White abandoned his job such that, if Sevenson did refuse to rehire him, it had reasonable cause to do so.
¶ 14 White contends he did not abandon his job and that his actions-such as requesting a week extension on his leave, advising Severson as soon as his doctor cleared him to return to work, and not retrieving his belongings from his motel room until August 3-show that he wanted and intended to return to work. An employee's conduct is a question of fact. Brown v. LIRC , 2003 WI 142, ¶ 10, 267 Wis. 2d 31, 671 N.W.2d 279. The weight and credibility of the evidence are matters for the agency, not for the reviewing court, to evaluate. WIS. STAT. § 102.23(6). When more than one inference can reasonably be drawn, the finding of the agency is conclusive. See Vocational Tech. & Adult Educ., Dist. 13 v. DILHR , 76 Wis. 2d 230, 240, 251 N.W.2d 41 (1977).
¶ 15 Credible and substantial evidence supports LIRC's conclusion that Sevenson did not refuse to rehire White after his work injury. White sought medical attention on May 28 and Sevenson immediately put him on light duty. Midway through his June 13-20 preapproved absence, he telephoned safety director Wilson to ask if he could return to work after his next PT appointment on June 27. Despite no response and knowing he could continue on light duty, White did not return to work after June 20 as scheduled or after June 27 as he requested. White did not further contact Sevenson between June 18 and August 1.
¶ 16 White testified that, rather than drive back to Marinette to do light duty, he decided to stay in Waukesha. He explained that the reduced assignment Sevenson provided was not light-duty "work," as he just sat in a trailer all day and read nonwork-related material. LIRC was more persuaded by the fact that Sevenson honored White's medical restrictions, would have kept him on light duty until August 1, and paid him his full wage. If an agency's action depends upon a disputed finding it made, this court will not judge the weight of the evidence. See WIS. STAT. § 227.57(6). White quit his job by abandoning it.[4]
¶ 17 The same facts of record establish that, even if Sevenson did refuse to rehire White when he made known that he was cleared to return to work, its refusal was reasonable because White already had abandoned his job. Under either scenario, we conclude that Sevenson did not violate WIS. STAT. § 102.35(3).
By the Court .-Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All events occurred in 2013, unless otherwise indicated.

Wisconsin Stat. § 102.35(3) provides in relevant part:
(3) Any employer who without reasonable cause refuses to rehire an employee who is injured in the course of employment, when suitable employment is available within the employee's physical and mental limitations, upon order of the department or the division, has exclusive liability to pay to the employee, in addition to other benefits, the wages lost during the period of such refusal, not exceeding one year's wages.
All references to the Wisconsin Statutes are to the 2015-16 version unless noted.

Tetra Tech EC, Inc. v. DOR , 2018 WI 75, ¶ 84, 382 Wis. 2d 496, 914 N.W.2d 21, was filed on June 26, 2018, a year after the circuit court accorded LIRC's decision great weight deference and after the parties filed their briefs.

White attacks several of LIRC's findings as legally insufficient, namely that: he did not give Sevenson his written work release; he did not advise anyone else at Sevenson of his release to work without restrictions; while in Marinette on August 3 to empty his hotel room, he discussed with coworkers and a union person about Sevenson telling him he no longer had a job there; Wilson and Burns had no authority to fire workers on the Marinette work site and neither was in White's supervisory chain of command; per its practice not to issue a written discharge document to a worker who abandons his job, Sevenson did not issue one to White; and after August 3, White, by referral from his union, began working for an employer nearer his home.
We need not decide the legal sufficiency of those facts, as White concedes they are immaterial to or not probative of the issue and because the record supports LIRC's legal conclusion without them.